IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD STEELE, ET AL. | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| JERRY R. WELCH, ET AL. | : | NO.  03-942 |

_____

| | | |
|---|---|---|
| In Re: FAO INC. Securities Litigation | : | |
| STEPHEN HILL | : | CIVIL ACTION |
| | : | |
| | : | |
| V. | : | |
| | : | |
| JERRY R. WELCH, ET AL. | : | NO. 03-6596 |

### **M E M O R A N D U M**

    These securities fraud cases were filed under The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(7), and although not formally consolidated, were handled in a parallel fashion. Both cases involve claims arising out of the affairs of FAO Inc., at one time a famous retailer of toys, which has fallen on hard times and was in bankruptcy for considerable periods. In addition, of significant importance in securities fraud cases, both of these claims, albeit covering different damage periods, were covered by a single Director and Officer liability policy, and there was some similarity in the identity of certain defendants.

    Also, both cases were successfully mediated before former federal District Judge Politan, and settlements were agreed upon in the same time frame, thus allowing settlement procedures in both cases to be coordinated. Orders providing for notice and hearings in both settlements were entered by this Court on January 31, 2005, notices were mailed in both cases, and this Court held

hearings on the proposed settlements in both cases on May 16, 2005.

The Steele case, which was filed first, alleges for settlement purposes a class damage period of March 26, 2002 through December 16, 2002, and the settlement is in the amount 2.25 million dollars. In this case, plaintiff's counsel assert that their optimum damage theory would have allowed for recovery of 9.125 million dollars, and thus the settlement reflects a recovery of approximately 22% of the optimum damage theory.

In the in re: <u>FAO case</u>, Civil Action 03-6596, in which the lead plaintiff's name was Hill, the alleged class damage period for settlement purposes is August 27, 2003 through November 7, 2003, for which the agreed upon settlement amount is 1.75 million dollars. This case arose after FAO came out of bankruptcy on April 23, 2003, and concerns allegedly false and fraudulent statements concerning FAO's liquidity, which were followed by FAO entering into bankruptcy, for the second time, on December 4, 2003. In this case, the plaintiffs assert that their optimum damage theory would allow a recovery of 4.8 million dollars, and therefore their settlement is for 43% of this amount.

In both cases, the single D&O policy referenced above is for a maximum of $10 million, and thus the plaintiffs have settled for 40% of that amount. However, as counsel have agreed, the D&O policy in this, as in most securities cases, does not provide separately for payment of attorneys fees or expenses and thus these fees and expenses come out of the face amount of the policy, which is thus commonly referred to as a "wasting asset." The amount of attorneys fees claimed by the insurance is not identified on the record.

Prior to the hearing, the plaintiffs in both cases filed extensive submissions setting forth reasons why the Court should approve the class action settlement, and award attorneys fees and

reimbursement of expenses. These submissions are very detailed, thorough, and satisfy the legal requirements within the Third Circuit for approval of a class action settlement in securities cases. In addition, counsel for plaintiffs (and defendant) appeared at the settlement hearing. There were no objectors and defense counsel did not take any exception to any of the representations made by plaintiffs. After considering all of these materials, the Court has no reason to deny approval of the requested settlement. The amounts of the settlement seem reasonable, the amounts were arrived at after hard bargaining before a highly respected federal jurist, and the settlement meets all of the requirements of Rule 23(e), F.R.Civ.P.

After reading the submissions of the parties, and the representations of counsel at the hearing, and noting that no objections to the settlement have been filed after notice to members of the class, the Court finds the settlement is fair, reasonable and appropriate, and reflects in a realistic way the damages that would be available if the case was fully litigated, and also the risks that defendants could prevail, as defendants assert they have adequate defenses to the charges.

On the issue of attorneys fees, the plaintiffs in the Steele case, C.A. 03-942 seek a recovery of $675,000 for fees, reflecting an attorneys fee which is a 30% of the settlement amount plus expenses of $49,261.58.

In the In re: FAO case, C.A. No. 03-6596, the plaintiffs seek a fee of 33%, reflecting a total amount of $577,500, plus expenses of $45,707.60.

The Court believes that these fees are reasonable under all circumstances, for the reasons set forth in the voluminous filings, and the representations made at the hearing. In addition, the Court has taken into account Third Circuit jurisprudence on the awarding of attorneys fees in connection with securities settlements, most recently set forth in In Re: Rite Aid Corporation

Securities Litigation, 396 F.3d 294, (2005). As this recent case held, the percentage of recovery method has been incorporated into the Private Securities Litigation Reform Act of 1995, but the Third Circuit has also required the District Court to check the percentage against the amount of work that was performed and to determine that there is a reasonable relationship. In this case, counsel have provided full details of the type required in the Rite Aid litigation, demonstrating that the award of fees based on the above percentages has a reasonable relationship with the lodestar reflecting the amount of hours spent by all professionals working on the case, and their hourly rate. This "cross check" shows that the lodestar multiplier in both is approximately two, which is reasonable given the complexity of the case, the risk of undertaking a case of this nature, and the delay in payment following the performance of services. Counsel have provided blended billing rates that approximate the fee structure of all the attorneys who worked on the matter, as required in Rite Aid.

    For the reasons set forth above, the Court will approve the Orders submitted by counsel for approval of the settlement and for award of attorneys fees and reimbursement of expenses.

                                                                               _____
                                                               MICHAEL M. BAYLSON, _U.S.D.J.

Case 2:03-cv-00942-MMB    Document 34    Filed 05/20/2005    Page 5 of 5